ALDERMAN, Justice,
dissenting.
Although I agree with the majority’s disposition of the merits, I would transfer this cause to the district court for its review of the trial court’s order since we are without jurisdiction in this case. The majority premises its jurisdiction on the trial court’s inherent ruling on the constitutionality of section 768.44(l)(c) when it denied rehearing. The burden is on Antonio Aguilar, acting as the personal representative of the estate of Rose Marie Aguilar, who is the appellant before us, to establish that this Court has jurisdiction to act in this appeal. State v. Bruno, 104 So.2d 588 (Fla.1958).
Here, the trial court, in its final summary judgment in favor of defendants Aspell and Jackson Memorial Hospital, did not pass on the constitutionality of section 768.44(l)(c) either expressly or inherently but rather construed this section to mean that when one defendant fails to file a timely answer, jurisdiction of the medical mediation panel terminates. Then, in a rehearing motion, plaintiff alleged, among other things, that the trial court’s construction of the statute rendered it unconstitutional. The trial court entered a brief order simply saying: “ORDERED AND ADJUDGED as follows: 1. Plaintiff’s Motion for Rehearing is hereby denied.”
*152 In my view, it is not apparent that the trial court, in denying rehearing, inherently upheld the constitutionality of section 768.-44 since it was not necessary to the disposition of this cause that it pass on the validity of this statute. It construed the statute in a manner it thought was correct, and, in denying rehearing, it was merely finding no basis in the rehearing petition to cause it to retreat from its original position. We have ofttimes reiterated that it is the duty of a court not to pass upon the validity of a statute if the case can be properly decided on other grounds. McKibben v. Mallory, 293 So.2d 48 (Fla.1974). Unless the contrary is evident, we must presume that the trial court observed this rule. State v. Bruno. In the present case, the contrary is not evident, and we cannot assume from the record before us that the trial court passed on the constitutionality of a statute. Cf. Davis v. Department of Health and Rehabilitative Services, et al., 390 So.2d 1194 (Fla.1980).
I would, therefore, transfer this appeal to the District Court of Appeal, Second District.
OVERTON and McDONALD, JJ., concur.